# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CURTIS THREADGILL,

       Plaintiff,

v.                                 16cv287 WPL

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

       Defendant.

## ORDER GRANTING MOTION TO PROCEED IFP

Plaintiff Curtis Threadgill filed a motion for an order granting his application to proceed in forma pauperis ("IFP") and directing service. (Doc. 4.) I entered an order for supplemental briefing so that Threadgill could further explain three entries in his application: (1) his mortgage payments; (2) his personal loan payments; and (3) the future status of his current worker's compensation benefits. (Doc. 5 at 1.) Threadgill timely filed the supplemental briefing. (Doc. 8.)

After reviewing the supplemental briefing, granting the IFP application is appropriate for two reasons: (1) Threadgill adequately addressed two of the three areas of inquiry in my order for supplemental briefing, and (2) Threadgill underestimated at least one of his monthly debt obligations in his application.

Regarding my areas of inquiry, Threadgill included proof of two mortgages (*see* Doc. 8-1 at 1-3) and a handwritten letter from his mother describing his $11,000 personal loan and their agreement for "continual payments" to pay off the debt (*id.* at 4). Though Threadgill's "worker's compensation attorney was not available to provide additional information on the status of Mr. Threadgill's worker's compensation benefits" (Doc. 8 at 1), the importance of the unknown

status of his benefits is lessened because, even if the benefits continue, Threadgill significantly underestimated his monthly expenses.

Regarding his monthly expenses, one underestimation stands out—his child support obligation. In his IFP application, he stated that he pays "0.00" for "[a]limony, maintenance, and support paid to others" (Doc. 4-1 at 4), yet his supplemental briefing includes a print-out from the Child Support Enforcement Division of the New Mexico Human Services Department indicating that he owes "$305.00" by "05/01/2016" and has "TOTAL UNPAID OBLIGATIONS" as of "04/16/2016" of "$3,138.27" (Doc. 8-1 at 8). Given that the difference between his monthly income and monthly expenses in his IFP application was $123.00 (*compare* Doc. 4-1 at 2 *with* Doc. 4-1 at 5), the child support obligation alone indicates that he has a negative monthly income.

For these reasons, Threadgill's motion for an order granting his application to proceed IFP and directing service (Doc. 4) is granted. IT IS ORDERED that the commencement and prosecution of the above-entitled action is authorized without the prepayment of the filing fee, costs, or security therefor. However, any further proceedings involving costs must be specifically authorized in advance by the Court.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.