IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CURTIS L. THREADGILL,

    Plaintiff,

v.                                                                                                                                               CV 16-0287 JHR

NANCY A BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

## ORDER GRANTING ATTORNEY FEES
## PURSUANT TO 42 U.S.C. § 406(B)

This matter comes before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum [Doc. 32], filed March 2, 2019. The Commissioner declined to concur in the instant Motion because she takes the position that she is not the real party in interest regarding such fees. [See Doc. 30 at 4]. The Court has independently reviewed Plaintiff's Motion, and agrees that it should be granted.

Plaintiff filed an action in this Court seeking judicial review of Defendant's denial of his application for Social Security disability benefits on April 12, 2016. [See Doc. 1]. After Plaintiff filed his Motion to Remand [Doc. 23], the Commissioner filed an Unopposed Motion to Reverse and Remand for further Administrative Proceedings pursuant to 42 U.S.C. § 405(g). [Doc. 27]. This Court, the Honorable William P. Lynch presiding, granted the Unopposed Motion and entered a Final Order in Plaintiff's favor on December 22 and 23, 2016. [Docs. 28, 29]. The Court then granted Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), awarding fees in the amount of $3,523.20. [Doc. 31]. Plaintiff's counsel then obtained a fully favorable decision before the Administration on remand. [*See* Doc. 32-1]. The

1

Administration, however, withheld twenty-five percent of those benefits, $24,331.00, in the event that Plaintiff's counsel would elect to bring a claim for attorney fees pursuant to the retainer agreement. [Doc. 32-2]. Plaintiff's counsel now seeks authorization from this Court for an award of compensation for legal services in an amount significantly less than that withheld ($13,762.50). [Doc. 32, p. 1].

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent (25%) of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and Section 406(b), the attorney must refund the lesser award to the claimant. *Id.* The court may award fees under Section 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although Section 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent (25%) of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than twenty-five percent (25%) of the past-due benefits because there is no presumption that twenty-five percent (25%) is reasonable. *Id.* at 807 n. 17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors

relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spend on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spend representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that the legal representation by Gary J. Martone of Plaintiff was more than adequate, and he obtained a fully favorable decision without delaying matters before this Court. The instant Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. The Court further finds that the requested fees are significantly below the twenty-five percent (25%) permitted by the retainer agreement and proportionate given the amount of time (18.45 hours) spent on the case. While the requested hourly rate of roughly $746/hour appears significantly higher than the usual fee awards authorized in this district under Section 406(b), s*ee, e.g.*, *Marquez v. Astrue*, CV 10-1165 CG (awarding $10,105 for 18.9 hours, or $529.00 per hour); *Saiz v. Berryhill*, CV 15-0305 KRS (awarding $14,112.00 for 32.9 hours, or $428.94 per hour), the Court is aware of other instances where the Martone Firm was awarded between $618.00-$636.00 for its work. *See Osborn v. Colvin*, CV15-1069 KBM. As such, having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable in this case.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for attorney fees under Section 406(b) is **granted**. The Court hereby authorizes $13,762.50 in attorney fees for legal services rendered in this United States District Court, to be paid by the Social Security Administration. Plaintiff's counsel will then reimburse Plaintiff the EAJA fee award of $3,523.20.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE